[831 NYS2d 715]

In the Matter of MICHAEL C. SCOON (Admitted as MICHAEL CHRISTOPHER SCOON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 13, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of New Jersey dated January 27, 2006 (185 NJ 610, 889 A2d 1062 [2006]), the respondent was disbarred by consent, effective immediately, his name was stricken from the roll of attorneys, and he was permanently restrained and enjoined from practicing law. The Supreme Court of the State of New Jersey further ordered that any funds currently existing in any New Jersey financial institution maintained by the respondent, which were restrained from disbursement by order of April 24, 2004, be transferred by the financial institution to the Clerk of the Superior Court with directions to deposit those funds in the Superior Court Trust Fund, pending further order of that court. In addition, the respondent was ordered to reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of that matter.

In accordance with a decision and order on motion of this Court dated June 8, 2006, authorizing substituted service upon the respondent, the petitioner had a process server affix a copy of the notice pursuant to 22 NYCRR 691.3 to the door of the respondent's dwelling on July 11, 2006, and mail same to the respondent, via both first class and certified mail, on July 12, 2006. To date, the respondent has neither asserted any of the enumerated defenses nor requested a hearing. Consequently, there is no impediment to the imposition of reciprocal discipline at this juncture.

The respondent submitted a disbarment by consent form in New Jersey, sworn to and notarized on January 23, 2006. The respondent averred that his consent to disbarment was voluntarily given and was not the subject of coercion or duress. He was aware of the implications of submitting to disbarment and averred that he was not under any mental or physical disability or under the influence of any substances that would impair his ability to knowingly and voluntarily execute such consent. The respondent acknowledged his awareness of pending investigations alleging that he knowingly misappropriated client trust account funds. He acknowledged the truth of those allegations and his inability to successfully defend against them.

The respondent consented to disbarment with full knowledge that it constituted an absolute barrier to his ever seeking reinstatement to the bar of the State of New Jersey, and with the understanding that it could not be entered in evidence as an

admission in any legal proceeding against him, other than in a disciplinary or Lawyers' Fund for Client Protection proceeding in New Jersey or any other jurisdiction.

Based on the foregoing, the petitioner's motion for the imposition of reciprocal discipline on the respondent pursuant to the petitioner's notice pursuant to 22 NYCRR 691.3 is granted, and the respondent is disbarred in New York on the basis of his disbarment by the Supreme Court of the State of New Jersey.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and SKELOS, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, effective immediately, the respondent, Michael C. Scoon, admitted as Michael Christopher Scoon, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michael C. Scoon, admitted as Michael Christopher Scoon, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael C. Scoon, admitted as Michael Christopher Scoon, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Michael C. Scoon, admitted as Michael Christopher Scoon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).